IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LISA AILIFF,

          Plaintiff,

v.                                     CIVIL ACTION NO. 2:09-cv-00858

LONNIE HANNAH, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Dismiss [Docket 2]. The defendants removed the case from the Circuit Court of Mingo County, West Virginia, on July 28, 2009 [Docket 1]. The defendants based removal on federal-question jurisdiction. In her Response, however, the plaintiff contends that the case does not implicate a federal question. After reviewing the parties' submissions, the court agrees with the plaintiff and **REMANDS** the case to the Circuit Court of Mingo County.

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2000). "One category of cases of which district courts have original jurisdiction are 'federal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004). The Supreme Court has "long held that 'the presence or absence of federal-question

jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

The plaintiff, however, cannot defeat removal by failing to plead an essential federal question in the complaint. *Spaulding v. Mingo County Bd. of Ed.*, 897 F. Supp. 284, 288 (S.D. W. Va. 1995). If the plaintiff seeks to conceal the true federal nature of his claim, the court will look beyond the complaint to determine whether an essential federal question exists to preclude remand. *Scott v. Greiner*, 858 F. Supp. 607, 609 n.1 (S.D. W. Va. 1994).

Here, the plaintiff has asserted only state law claims. No federal claim appears in the Complaint. Count I of the Complaint seeks relief for "violation of Ailiff's civil rights" under the West Virginia Human Rights Act, W.Va. Code sect 5-11-1. (Compl. 12.) Count II asserts "personal injuries to plaintiff Ailiff." (*Id.* at 13.) And Count III claims "intentional infliction of emotional distress." (*Id.* at 13-14.) The defendants contend that Ailiff's claims arise under federal law because, in certain portions of the fact section of the Complaint, Ailiff states that the defendants acted in violation of state and federal law. (Reply 15-16.) Furthermore, the defendants maintain that Ailiff's West Virginia Human Rights Act claim is based on federal law because the West Virginia Human Rights Act does not provide relief for the harms she alleges. (*Id.* at 16.)

The defendants' arguments lack merit. Federal courts are courts of limited jurisdiction. For this court to possess jurisdiction in this matter, the plaintiff's claims must arise under federal law. Ailiff asserts state law claims only. No federal cause of action appears in the Complaint, and this court will not infer one. Oblique references to federal law in the fact section of the Complaint are simply insufficient to create a well-pleaded complaint arising under federal law. This court thus

lacks subject matter jurisdiction over this case. As such, this case is **REMANDED** to the Circuit Court of Mingo County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

      ENTER:  September 30, 2009

      *Joseph R. Goodwin*
      Joseph R. Goodwin, Chief Judge